# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALFRED NICHOLS,

                Plaintiff,

      v.

J. YATES, et al.,

                Defendants.

                             /

CASE NO. 1:11-cv-00116 AWI GSA PC

ORDER DISMISSING SECOND AMENDED COMPLAINT, WITH LEAVE TO FILE THIRD AMENDED COMPLAINT WITHIN THIRTY DAYS

(ECF No. 1)

**Screening Order**

## I.    **Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

This action proceeds on the April 13, 2011, second amended complaint. The Court has not screened either the original complaint nor first amended complaint. Because the second amended complaint fails to state a claim for the reasons listed below, the Court will grant Plaintiff one opportunity to file a third amended complaint.

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at the California Correctional Institution at Tehachapi, brings this civil rights action against defendant correctional officials employed by the Department of Corrections and Rehabilitation at Pleasant Valley State Prison. Plaintiff names the following individual defendants: Warden J. Yates; Physician's Assistant (PA) Barry Green; PA R. Wilson; Nurse's Assistant Navagartian.

Plaintiff's allegations relate to the treatment of his jaw. Although the complaint consists of vague, conclusory and repetitive allegations, the Court can discern that Plaintiff suffers from a condition related to his jaw. Plaintiff appears to allege that he should have been treated surgically for his condition, and that he is not getting proper pain medication. Plaintiff contends that he has been suffering from this condition for approximately three years, but offers few specific dates.

### A.     Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

2

must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Here, the Court finds Plaintiff's allegations to be vague. Plaintiff sets forth generalized allegations regarding his health care.. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color

3

1  of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must

2  describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

3  Plaintiff has failed to do so here.

4  Further, Plaintiff names as a defendant the Warden at Pleasant Valley. Under section 1983,

5  Plaintiff must prove that the Defendants holding supervisory positions personally participated in the

6  deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no

7  respondeat superior liability, and each defendant is only liable for his or her own misconduct.

8  Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). A supervisor may be held liable for the constitutional

9  violations of his or her subordinates only if he or she "participated in or directed the violations, or

10  knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th

11  Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567

12  F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d

13  1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff fails

14  to allege any facts indicating personal participation by Warden Yates. He should therefore be

15  dismissed.

16  **III.    Conclusion and Order**

17  The Court has screened Plaintiff's second amended complaint and finds that it does not state

18  any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff

19  with the opportunity to file a third amended complaint curing the deficiencies identified by the Court

20  in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that

21  he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.

22  George, 507 F.3d at 607 (no "buckshot" complaints).

23  Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

24  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

25  Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be

26  [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v.

27  Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

28  Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

4

Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send to Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a third amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file a third amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:     **December 13, 2012**                    **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE